UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>BLUE CIRCLE INVESTMENTS, LLC,<br><br>　　　Debtor. | Case No. 21-00712-NGH<br><br>Chapter 11 |

### MEMORANDUM OF DECISION

Before the Court is petitioning creditor Earthcraft Construction's ("Earthcraft") Application for Administrative Expenses (the "Application"). Doc. No. 21. After a hearing on March 28, 2022, the Court took the matter under advisement. Having reviewed the record, arguments of the parties, and applicable law, the following constitutes the Court's ruling on the matter.

### BACKGROUND

On December 8, 2021, a chapter 7 involuntary petition was filed against Blue Circle Investments, Inc. ("Debtor") by Earthcraft, Falcon Framers, LLC, Thorpe Fire Sprinkler Systems Inc., and Idaho Premier Stucco, LLC.[1] Doc. No. 1. Debtor filed a motion to convert the case to chapter 11, which the Court granted on February 25, 2022. Doc. Nos. 15 & 40.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

Prior to conversion, Earthcraft filed the Application, which seeks administrative expenses pursuant to § 503(b)(3)(A) and (4) in the amount of $7,590.00 for attorney fees and $455.60 for costs associated with the filing of the involuntary petition. Doc. Nos. 21, 22, & 36. Debtor does not object to administrative expenses in the amount of $1,290.00 for attorney fees or to $455.60 for costs. Doc. Nos. 32 & 50. However, Debtor objected to the remaining fees, asserting they were either unrelated to the involuntary process, unnecessary, or "lumped." Doc. Nos. 32 & 50. Going line by line, Debtor objects to 24 separate time entries for attorney fees. Doc. No. 50. In replying to Debtor's objections, Earthcraft provided additional explanation for its counsel's time entries and associated fees. Doc. No. 58. Because Debtor has not objected and the Court finds the uncontested attorney fees and costs to be actual, necessary, and reasonable under § 503(b)(3)(A) and (b)(4), the Court will focus only on the request for attorney fees to which Debtor objects.[2]

**ANALYSIS**

**A.      Earthcraft's Application for Administrative Expenses**

**1.      Legal Standards**

Administrative expenses permitted under § 503(b) are given priority under § 507(a)(2). For legal fees and costs to be considered an administrative expense, they must be "actual, necessary, allowed under §§ 503(b)(3)(A)–(E), and in addition, the amounts must be reasonable under § 503(b)(4)." *In re Treasure Valley Marine, Inc.*, 2020 WL 6821789, at *5 (Bankr. D. Idaho October 15, 2020). Section 503(b)(3)(A)

---

[2] Attached to the Decision as Exhibit A is a chart of Earthcraft's requested fees, noting whether such fees are allowed, and if disallowed, a summary of the Court's reasoning why.

MEMORANDUM OF DECISION - 2

permits a creditor that has filed a petition under § 303 to have an administrative claim for actual, necessary expenses involved. The claimant bears the burden of establishing by a preponderance of the evidence that "the expenses were incurred in an endeavor that 'provides tangible benefits to the bankruptcy estate and other unsecured creditors.'" *In re Treasure Valley Marine*, 2020 WL 6821789, at *5 (quoting *In re Sedona Inst.*, 21 F. App'x 723, 729 (9th Cir. 2001)).

Section 503(b)(3)(A) encompasses legal fees associated with both the filing of the involuntary petition under § 303 and also the adjudication of the involuntary bankruptcy. *Id.* at *7. "Attorney's fees may be recovered under §§ 503(b)(3)(A) and 503(b)(4) for preparing and filing the involuntary petition, contacting other creditors to join in the petition, legal and factual research regarding the grounds for the filing of the case, and litigating whether an order for relief should be entered." *In re Key Auto Liquidation Ctr., Inc.*, 384 B.R. 599, 605–06 (Bankr. N.D Fla. 2008) (citing *In re Westek Georgia, LLC*, 317 B.R. 567, 570 (Bankr. M.D. Ga. 2004)). However, services not directly related to the involuntary petition are not compensable, including time spent on "attempting an unsuccessful pre-bankruptcy workout," conferring with non-petitioning creditors, and pursuing other actions within the bankruptcy case not related to the prosecution of the involuntary. *Id. See also In re Crazy Eddie*, 120 B.R. 273, 277–78 (Bankr. S.D.N.Y. 1990); *In re Stoecker*, 128 B.R. 205, 212 (Bankr. N.D. Ill. 1991). Further, administrative expenses under § 503(b)(3)(A) cannot be collected for services performed after an order for relief has been entered. *In re Key Auto Liquidation Ctr.*, 384 B.R. at 606.

MEMORANDUM OF DECISION - 3

In addition to being an actual, necessary expense related to the filing and prosecution of an involuntary petition, the fees must also be reasonable under § 503(b)(4).  When determining whether to allow attorney fees as an administrative expense, the Court "must disallow those fees claimed if the Court cannot determine whether the amount charged for services was reasonable because the time entries in the lawyers' accounting are 'lumped.'"  *In re Treasure Valley Marine*, 2020 WL 6821789, at *5.  Lumping occurs where multiple services are included in the same time entry, making it difficult to discern how much time was spent on each task and whether that time was reasonable.  *See id.*

### 2.     Section 503(b)(3)(A) - Actual and Necessary Expenses

First, Debtor objected to expenses as unrelated or unnecessary for the filing or adjudication of the involuntary petition.  Debtor objected to two time entries on October 29, 2021, for being vague as to whether the services performed related to the involuntary or a separate lawsuit.  Doc. No. 50 at 5.  Earthcraft has since clarified the involuntary petition was the only litigation at the time and no other lawsuits were pending between the parties.  As such, the Court is satisfied the second time entry for October 29, 2021, was actual and necessary to the involuntary petition.

However, Earthcraft requested administrative expenses for services that are not compensable under § 503(b)(3)(A), including the first time entry dated October 29, 2021.  As noted previously, pre-filing negotiations to try and avoid bankruptcy, as well as discussions with non-petitioning creditors, are not sufficiently related to the involuntary process to warrant an administrative expense under § 503(b)(3)(A).  The first time entry

MEMORANDUM OF DECISION - 4

for October 29 relates to counsel's contacts with "J. Leonard re expired deadline to respond to demand." Doc. No. 36 at 5.  While counsel has asserted the only litigation at the time was the involuntary petition, without additional information, the Court cannot determine whether the "demand" relates to the involuntary petition, or an attempt by Earthcraft to collect payment and avoid the bankruptcy.  Additionally, in Earthcraft's reply to Debtor's objection, counsel justifies its expense for "review letter from J. Leonard declining to pay and refusing contract" on November 11, 2021, as "activity of the petitioning creditor to try and avoid the bankruptcy." Doc. No. 58 at 3.  Further, Earthcraft's counsel has sought administrative expenses for discussions with non-petitioning creditor Mobile Modular.[3]  Because these services are not sufficiently related to the involuntary petition filing or adjudication, they will not be allowed as administrative expenses.

    Further, certain activities were unnecessary for the filing of the involuntary petition.  Debtor objected to the expenses related to completing Debtor's corporate statement on December 8, 2021, because it was unnecessary.  Earthcraft's counsel responded by asserting it was his understanding a corporate statement was required for the filing of the bankruptcy petition pursuant to Rule 1010.  Doc. No. 58 at 5.  Rule 1010(b) provides that "[e]ach petitioner that is a corporation shall file with the involuntary petition a corporate ownership statement containing the information described in Rule 7007.1."  Here, Earthcraft did file a corporate ownership statement—

---

[3] These discussions appear in two time entries, dated January 8 and January 10, 2022.

MEMORANDUM OF DECISION - 5

however, it was for Debtor, not itself. Doc. No. 4. As noted in Debtor's objection, Earthcraft did not need to file a corporate ownership statement on Debtor's behalf—it only needed to file such statement for itself. As such, time spent preparing and filing a corporate ownership statement for Debtor was unnecessary to the involuntary process.

Likewise, Earthcraft seeks administrative expenses for roughly three hours relating to requests for Debtor to accept service. Debtor objects to the allowance of this expense, arguing it was unnecessary under § 503(b)(3)(A) because Rule 7004(b)(3) permits service via first class mail by mailing a copy of the involuntary petition and summons to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. The Court disagrees that time spent requesting the Debtor accept service of the involuntary petition and summons is unnecessary. Rule 1010 requires such service on the Debtor. However, because Earthcraft had alternative and less time-consuming options to serve Debtor, the time spent repeatedly requesting opposing counsel to accept service was not necessarily reasonable, as discussed in further detail below.

Finally, Earthcraft seeks an administrative expense for the work done to research and draft its motion requesting administrative expenses.[4] However, the research and drafting of the Application was not necessary to the filing or adjudication of the

---

[4] In support for the allowance of this expense, Earthcraft points to Judge Pappas' decision in *In re Treasure Valley Marine*, 2020 WL 6821789, wherein certain expenses for research were allowed as administrative expenses. However, while Judge Pappas did in fact allow administrative expenses for research performance in some instances, others were denied as unnecessary to the involuntary petition. Of note, none of the allowed expenses for research related to the formation of an administrative expense application.

MEMORANDUM OF DECISION - 6

involuntary petition. As such, those services are not compensable as an administrative expense under § 503(b)(3).[5]

### 3. Section 503(b)(4) – Reasonableness of Expenses

The Court also finds several of Earthcraft's requested fees to be unreasonable under § 503(b)(4). As noted above, Earthcraft seeks administrative expenses for multiple requests made by its counsel for Debtor to accept service of the involuntary petition and summons. Counsel for Earthcraft spoke to Debtor's counsel on November 11, 2021, and emailed Debtor's counsel on December 9, 2021, requesting Debtor accept service. Combined, these two requests total .3 hours. The Court finds the fees associated with these requests to be reasonable. However, Earthcraft also seeks allowance of a 1.2-hour time entry on November 16, 2021, for "[r]eview request for acceptance of service." It is unclear exactly what counsel for Earthcraft was reviewing, since Earthcraft could have accomplished service via first class mail in accordance with Rule 7004(b). Accordingly, the Court finds this request to be unreasonable and excessive.

Ultimately, Earthcraft served Debtor with a copy of the petition and summons via personal service on its registered agent, consistent with Civil Rule 4(e), made applicable here by Rule 7004(a). *See* Doc. No. 9. Debtor objects to Earthcraft's December 22, 2021, time entry, totaling .2 hours, to research the identity of Debtor's registered agent.

---

[5] Debtor objected to these expenses not under § 503(b)(3)(A), but rather as unreasonable due to lumping under § 503(b)(4). Doc. No. 50 at 7. The Court agrees and likewise finds the expense would be denied as unreasonable due to the lumping of research and drafting the motion and declaration.

MEMORANDUM OF DECISION - 7

The Court finds this request to be reasonable as it permitted Earthcraft to properly serve Debtor.

Debtor also objects to a number of Earthcraft's requested legal fees due to the lumping of legal services into a single time entry. The lumping of legal services prevents the Court from being able to determine whether these services and fees were reasonable under § 503(b)(4). Several of Earthcraft's time entries include such lumping wherein Earthcraft's counsel lists several phone calls with different parties.

Several time entries present issues which prevent the Court from determining if the requested fees are reasonable. Counsel is not required to describe its services in tedious detail—however, when several services are included in a single time entry, the Court is unable to determine whether the requested fee is reasonable. Here, counsel included "numerous" contacts with different parties within the same time entries, without specifying who the other parties were in several entries. As noted previously, contacts with non-petitioning creditors do not constitute an administrative expense under § 503(b)(3)(A), and thus describing phone calls with "numerous creditor parties" does not provide the Court a sufficient description of whether these fees are allowable and reasonable. Further, including contacts with several parties in a singular time entry, without greater detail, prevents the Court from determining whether the time spent on such transactions was reasonable. Accordingly, such fees will be disallowed as administrative expenses due to the lumping of services which prevents the Court from determining whether they are reasonable.

MEMORANDUM OF DECISION - 8

**CONCLUSION**

Earthcraft's application for administrative expenses will be allowed in part and disallowed in part for the reasons set forth above. Earthcraft will be allowed administrative expense status for its legal fees of $3,090.00 and costs of $455.60 pursuant to § 503(b)(3)(A). Counsel for Earthcraft shall submit a proposed order consistent with this Decision.

DATED: April 27, 2022



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 9

| Exhibit A: Earthcraft's Fees and Costs ||||| 
|---|---|---|---|---|
| **Date** | **Service** | **Time Entry** | **Amount** | **Reason for Disallowance** |
| 10/29/2021 | Write to J. Leonard re expired deadline to respond to demand | 0.3 | $90.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 10/29/2021 | Continue work on pleadings | 0.6 | $180.00 | Allowed |
| 11/3/2021 | Obtain copies of signature pages for filing via numerous calls to attorneys for Franklin Building Supply, Falcon Framers, etc. | 3.2 | $960.00 | Disallowed under § 503(b)(4)—unable to determine reasonableness due to lumping of services |
| 11/4/2021 | Work on breakdown of all lien claims; provide list to Blue Circle's counsel, J. Leonard | 1.1 | $330.00 | Allowed |
| 11/11/2021 | Review letter from J. Leonard declining to pay and refusing contract; | 0.2 | $60.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 11/11/2021 | Call with client and other creditors re going forward with involuntary; ask opposing counsel re acceptance of service | 1.0 | $300.00 | Disallowed under § 503(b)(4)—unable to determine reasonableness due to lumping of services |
| 11/11/2021 | Speak to opposing counsel re acceptance of service | 0.1 | $30.00 | Allowed |
| 11/16/2021 | Review request for acceptance of service | 1.2 | $360.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 11/16/2021 | Send petition to creditors for signature | 0.8 | $240.00 | Allowed |
| 11/17/2021 | Calls and pleadings with numerous creditor parties and email to final involuntary Chapter 7 | 1.7 | $510.00 | Disallowed under § 503(b)(4)—unable to determine reasonableness due to lumping of services |
| 11/17/2021 | Call Mick Ysursa re Thorpe Fire signatures | 0.5 | $150.00 | Allowed |
| 11/18/2021 | Meeting with client re whether we are filing and final pleadings | 1.5 | $450.00 | Allowed |
| 12/8/2021 | Work on Corporate Statement | 0.7 | $210.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 12/8/2021 | Search Idaho Secretary of State for owner entities for filing | 1.0 | $300.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 12/8/2021 | Call to opposing counsel re involuntary | 1.0 | $300.00 | Allowed |

MEMORANDUM OF DECISION - 10

| | | | | |
|---|---|---|---|---|
| 12/8/2021 | File involuntary, present summons, etc. | 0.5 | $150.00 | Allowed |
| 12/8/2021 | Letter to opposing counsel | 0.1 | $30.00 | Allowed |
| 12/9/2021 | Review and reply to emails from Stan Scott and Vahagn re filing | 0.4 | $120.00 | Allowed |
| 12/9/2021 | Emails re: Elaina Berti accepting service | 0.2 | $60.00 | Allowed |
| 12/9/2021 | Advise Pioneer involuntary is filed and foreclosure is stayed | 0.2 | $60.00 | Allowed |
| 12/9/2021 | Notice to Vahagn (lead lender in foreclosure sale) | 0.1 | $30.00 | Allowed |
| 12/22/2021 | Submit Another Summons to the Court for service on Blue Circle; receive the Summons from the Court; forward to Tri County Process Serving for service | 0.5 | $150.00 | Allowed |
| 12/22/2021 | Calls with Jon; call with opposing counsel re acceptance of service of Summons; | 0.7 | $210.00 | Disallowed under § 503(b)(4)—unable to determine reasonableness due to lumping of services |
| 12/22/2021 | Pull Secretary of State file for agent | 0.2 | $60.00 | Allowed |
| 12/27/2021 | Letter from J. Leonard advising debtor has new counsel and they still have not accepted service | 0.5 | $150.00 | Allowed |
| 1/6/2022 | Numerous emails and calls to and from client re contract with J. Leonard | 0.2 | $60.00 | Disallowed under § 503(b)(4)—unable to determine reasonableness due to lumping of services |
| 1/8/2022 | Numerous emails and calls with Mobile Modular and client re the pickup of three units and having them cleared of equipment and disconnected from electricity | 0.5 | $150.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 1/10/2022 | Review emails from Mobile Modular re Elaina taking over rental contracts from Earthcraft | 0.3 | $90.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 1/24/2022 | Calls to and from Alex Caval re conversion to Chapter 11; will Jon agree to complete project, etc; notes re call; call with client | 0.5 | $150.00 | Allowed |
| 1/24/2022 | Discussion with Alex re: will Jon do agreement to complete project, etc; notes re call. Call with client. | 0.5 | $150.00 | Allowed |

MEMORANDUM OF DECISION - 11

| | | | | |
|---|---|---|---|---|
| 1/25/2022 | Review discussions with opposing counsel re debtor's request for completion/payment and attempt to obtain financing | 1.0 | $300.00 | Allowed |
| 1/26/2022 | Research rules, case law and draft motion and declaration re administrative expense claim | 2.5 | $750.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| 1/26/2022 | Draft motion and declaration re administrative expense claim | 1.5 | $450.00 | Disallowed under § 503(b)(3)(A)—unnecessary for involuntary petition |
| | | | | **Legal Fees Allowed: $3,090.00** |
| **Costs** | | | | |
| | Pd. to US Bankruptcy Court for Involuntary Filing | | $338.00 | Allowed |
| | Paid to Tri County for service of Involuntary Petition and Summons on Debtor | | $117.60 | Allowed |
| | | | | **Costs Allowed: $455.60** |
| | | | | **Total Allowed:  $3,545.60** |

MEMORANDUM OF DECISION - 12